FILED
Apr 10, 2019
09:25 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| MIGUEL GUERRA, | ) | Docket No. 2018-08-1273 |
| Employee, | ) | |
| v. | ) | |
| ABC TREE SERVICE, | ) | State File No. 16111-2017 |
| Employer, | ) | |
| And | ) | |
| ZURICH AMERICAN INSURANCE | ) | Judge Deana Seymour |
| CO., | ) | |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

This case came before the Court on March 22, 2019, for an Expedited Hearing. The issue is whether Mr. Guerra is entitled to back surgery recommended by his authorized treating physician. For the reasons below, the Court holds he is entitled to the surgery.

### History of Claim

Mr. Guerra injured his back while lifting a heavy log at work on January 10, 2017. ABC accepted the claim and provided authorized treatment with Dr. Stephen Waggoner, who performed surgery to address a "large herniation" at L4-5. Dr. Waggoner released Mr. Guerra at maximum medical improvement on July 31, assigning permanent restrictions of no lifting over 10 pounds frequently or 20 pounds occasionally.[1]

In March 2018, Mr. Guerra returned to Dr. Waggoner with continued back and right leg complaints. Dr. Waggoner recommended a repeat discectomy at L4-5 after updated MRIs indicated a possible recurrent disc herniation and epidural fibrosis encasing the traversing right L5 nerve root.

---

[1] A June 2017 post-operative MRI report noted a right central protrusion at L4-5, which subtly deformed the ventral thecal sac.

ABC sent the recommended surgery through utilization review (UR). Based on the Official Disability Guidelines, UR reviewer Dr. Edward Kahn determined the surgery was not medically necessary. Mr. Guerra appealed the UR decision to the Bureau's Medical Director, Dr. Robert Snyder. Dr. Snyder upheld Dr. Kahn's denial and stated, "The clinical notes and discussion [are] not sufficient to approve procedure. Further documentation of indications, risks, and consideration of a fusion [is] necessary."

Mr. Guerra filed a Petition for Benefit Determination asking for the recommended surgery.[2] According to Mr. Guerra, neither Dr. Kahn nor Dr. Snyder had a complete set of his medical records when they denied the surgery. He argued that Dr. Kahn and Dr. Snyder only reviewed Dr. Waggoner's 2018 office notes and the June 2017 post-operative MRI report in making their respective UR decisions.

Mr. Guerra filed Dr. Waggoner's March 20, 2019 medical record, which contained a continued surgical recommendation for Mr. Guerra's worsening symptoms. Mr. Guerra testified that his low back pain persisted and ran down his right leg, especially while standing or walking, and he experienced numbness and tingling in his leg. Mr. Guerra also testified that he had not worked or performed physical activity outside his restrictions since his injury and denied any subsequent injuries.

ABC relied on Dr. Kahn's and Dr. Snyder's UR decisions to support its position that the recommended surgery was not medically necessary. It contended that the June 2017 post-operative MRI report did not indicate a disc herniation and that Mr. Guerra was not working for ABC between June 2017 and April 2018 when a recurrent herniation was initially mentioned. ABC further noted that Dr. Waggoner never causally related Mr. Guerra's current complaints to the work injury.

### Findings of Fact and Conclusions of Law

At an Expedited Hearing, Mr. Guerra must present sufficient evidence that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2018). Here, the issue is whether Mr. Guerra presented sufficient evidence to establish the recommended surgery is medically necessary as a result of the work injury. The Court finds that he did.

Tennessee Code Annotated section 50-6-204(a)(3)(H) provides: "Any treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3) or by referral, if applicable, shall be presumed to be medically necessary for treatment of

---

[2] On the day before the Expedited Hearing, Mr. Guerra filed a motion asking the Court to allow him to raise the issue of temporary disability benefits based on newly-acquired records from Dr. Waggoner. However, the Court denied the motion, finding that Mr. Guerra had not met the requirements of Tennessee Code Annotated section 50-6-239(b)(1) (2018) to add issues not listed in the Dispute Certification Notice.

the injured employee." This presumption "shall be rebuttable only by clear and convincing evidence demonstrating that the recommended treatment substantially deviates from, or presents an unreasonable interpretation of, the treatment guidelines." Tenn. Code Ann. § 50-6-204(a)(3)(I). While the parties did not introduce a signed panel into evidence, both referred to Dr. Waggoner as Mr. Guerra's authorized treating physician. Therefore, the back surgery recommended by Dr. Waggoner is presumed medically necessary.

ABC relied on the UR reports of Drs. Kahn and Snyder to rebut the presumption.[3] However, it is unclear whether either had a complete picture of Mr. Guerra's condition in evaluating medical necessity of the recommended surgery. Dr. Kahn's report specifically listed the documents he reviewed, and it did not include Dr. Waggoner's pre-March 21, 2018 medical notes or the recent MRI reports from April and May 2018. Dr. Snyder did not specify which documents he reviewed, but Mr. Guerra claimed Dr. Snyder reviewed the same information listed in Dr. Kahn's report.

Moreover, neither Dr. Kahn's nor Dr. Snyder's report provided an adequate explanation of how Dr. Waggoner's recommendation "*substantially* deviates from, or presents an *unreasonable* interpretation of the treatment guidelines." (Emphasis added.) Dr. Kahn pointed to Mr. Guerra's negative straight leg test as the reason he could not certify the surgery. Dr. Snyder's report simply noted that additional documentation was necessary to approve the procedure.

In comparison, Dr. Waggoner began treating Mr. Guerra in February 2017. He performed an initial surgery on Mr. Guerra's back and recommended a repeat discectomy at L4-5 after MRIs revealed a recurrent disc herniation and epidural fibrosis encasing the traversing right L5 nerve root. His office notes demonstrated consistent complaints of radiating pain and tingling into Mr. Guerra's right thigh, and his most recent office note from March 20, 2019, suggested that Mr. Guerra's symptoms were worsening and that he continued to recommend surgery. When comparing conflicting expert opinions, "physicians having greater contact with the [injured worker] would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 677 (Tenn. 1991).

The Court holds that based on the foregoing, ABC failed to overcome the statutory presumption of medical necessity by clear and convincing evidence. Therefore, Mr. Guerra appears likely to prove at a hearing on the merits that the recommended back surgery is medically necessary.

---

[3] ABC suggested during the hearing that the Court is bound by the Official Disability Guidelines (ODG). The Court disagrees. The adoption of the ODG Guidelines does not remove the ability of this Court to review the evidence in a given case to determine medical necessity. *See Venable v. Superior Essex*, 2016 TN Wrk. Comp App. Bd. LEXIS 56, at *5-10 (Nov. 2, 2016).

Turning to causation, an injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed "more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B). Medical evidence is generally required to establish a causal relationship when the case is not "obvious, simple [or] routine." *Berdnik v. Fairfield Glade Cmty. Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *11 (May 18, 2017). Under Tennessee Code Annotated section 50-6-102(14)(E), "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence."

ABC argued that Dr. Waggoner failed to address the cause of Mr. Guerra's current complaints. It suggested the 2017 post-operative MRI report did not indicate a disc herniation, and in fact, the first mention of a disc herniation occurred after Mr. Guerra's April 2018 MRI. ABC alleged that since Mr. Guerra did not work for ABC between June 2017 and April 2018, something other than the work injury caused the herniation. However, ABC failed to substantiate its allegation, and the Court disagrees with its contentions.

First, the Court notes that Dr. Waggoner recommended a "repeat" discectomy for a "recurrent" disc herniation. He sent his order to ABC's workers' compensation insurance carrier under the original workers' compensation claim number. The Court finds that taken as a whole, Dr. Waggoner's language and conduct support a determination that Mr. Guerra's current condition relates to his original work injury. Further, Mr. Guerra's 2017 MRI documented a "right central protrusion . . . which subtly deforms the ventral thecal sac," which is consistent with his 2018 MRIs and his current symptoms.

Tennessee law has long held that medical proof is not to be "read and evaluated in a vacuum" but, instead, "must be considered in conjunction with the lay testimony of the employee as to how the injury occurred and the employee's subsequent condition." *Thomas v. Aetna Life and Cas. Co.*, 812 S.W.2d 278, 283 (Tenn. 1991). The Court finds Mr. Guerra credible and his testimony compelling with regard to his worsening symptoms and inability to function during the period between his release from care in July 2017 and his return to Dr. Waggoner in March 2018. Coupled with the fact that ABC failed to identify any other possible cause, the Court holds Mr. Guerra came forward with sufficient proof to show he is likely to succeed at establishing the recommended surgery is medically necessary as a result of the work injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. ABC shall authorize the surgery recommended by Dr. Stephen Waggoner.

2. This matter is set for a Scheduling Hearing on **June 3, 2019, at 10:00 a.m. central time.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED April 10, 2019.**


_____

**JUDGE DEANA C. SEYMOUR**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:
1. Medical records with Table of Contents (Collective)
2. Genex Utilization Review Report, dated June 28, 2018
3. Dr. Robert Snyder's Utilization Review Appeal Report, dated August 1, 2018
4. Medical note with attachments from Stephen Waggoner, M.D., dated March 20, 2019

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing, with attached Affidavit of Miguel Guerra
4. Employee's Expedited Hearing Brief, with attachments
5. Employer's Brief for Expedited Hearing on Employee Seeking Medical Benefits, with attachments
6. Employee's Notice of Filing of Supplemental Medical Records and Request for Review of Award for Temporary Total Disability (TTD) Benefits in Conjunction with Award for Medical Benefits, with attachments
7. Employer's Motion to Dismiss Employee's Request for Temporary Total Disability Benefits, and to Exclude Evidence Submitted by Employee

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients by the following methods of service on April 10, 2019.

| Name | Certified Mail | Fax | Regular mail | Email | Sent to |
|------|----------------|-----|--------------|-------|---------|
| Monica Rejaei, Employee's attorney | | | | X | mrejaei@nstlaw.com |
| Dean Norris, Employer's attorney | | | | X | dean.norris@zurichna.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

  If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v. _____

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____    SF#: _____    DOI: _____

## Appellee(s)
**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this
Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties
and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules
of Board of Workers' Compensation Appeals on this the_____day of_____, 20 ___

[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____ , having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries       $ _____ per month     Telephone      $ _____ per month

Electricity       $ _____ per month     School Supplies $ _____ per month

Water         $ _____ per month     Clothing       $ _____ per month

Gas          $ _____ per month     Child Care      $ _____ per month

Transportation   $ _____ per month     Child Support   $ _____ per month

Car          $_____ per month

Other        $ _____ per month (describe: _____ )

10. Assets:

Automobile           $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House              $ _____     (FMV) _____

Other              $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                          RDA 11082